# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:09cv6

| | |
|---|---|
| SUNTRUST MORTGAGE, INC., a Virginia corporation, | ) ) ) |
| Plaintiff, | ) ) |
| Vs. | ) ) ORDER |
| ROBERT JOHN CUPELLI; and LEIGH K. CUPELLI, | ) ) ) ) |
| Defendants. | ) ) ) |

**THIS MATTER** is before the court on plaintiff's Motion to Dismiss. Defendants are proceeding pro se and will be advised of their obligation to respond and the time for doing so.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), defendants, who are proceeding *pro se*, are cautioned that plaintiff has filed a Motion to Dismiss contending that they have failed to state a cause of action against it in their counterclaim. Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal where a party has failed to state a cause of action as a matter of law. This language means that in responding to the motion to dismiss, defendants must show that they have made sufficient allegations to support a cause of action against such

-1-

plaintiff that is recognized by law. Dismissal of claims is proper under Rule12(b)(6) where it is clear that no set of facts consistent with the allegations in the claims could support the asserted claim for relief. <u>Taubman Realty Group LLP v. Mineta</u>, 320 F. 3d 475, 479 (4th Cir. 2003); <u>Migdal v. Rowe Price-Fleming Intl Inc.</u>, 248 F. 3d 321, 325-36 (4th Cir. 2001). However, the Court recently held that the "no set of facts" standard first espoused in <u>Conley</u>, <u>supra</u>, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007). Under <u>Twombley</u>, to survive Rule 12(b)(6) scrutiny, the claims must at a minimum be "plausible." <u>Id.</u> While the court accepts <u>plausible</u> factual allegations in the complaint or counterclaim as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." <u>Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP</u>, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

<u>Migdal</u>, at 326 (citations and internal quotations omitted). In addition, a court cannot

"accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

Defendants are further advised that plaintiff has sought an award of attorneys fees, which are available where a party improperly asserts or fails to succeed on a claim for Unfair and Deceptive Trade Practices. Defendants are advised to specifically address why such fees would or would not be appropriate in this case.

Finally, defendants are advised that they have until March 26, 2009, to file their response, and that such response must be served on plaintiff, and that they must include a certificate of service indicating the manner in which they served such party.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants respond to plaintiff's Motion to Dismiss (#11) not later than March 26, 2009.

Signed: March 11, 2009

Dennis L. Howell
United States Magistrate Judge